UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE No.    18-50667 (JAM) |
| | ) | |
| SHAGUFTA TOOR, | ) | CHAPTER    7 |
| | ) | |
| DEBTOR. | ) | RE: ECF No. 19 |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR *IN REM* RELIEF FROM AUTOMATIC STAY

On May 29, 2018, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On June 11, 2018, pursuant to 11 U.S.C. § 362(d)(4), Eastern Savings Bank FSB ("Eastern Savings Bank"), a creditor of the Debtor, filed a Motion for *In Rem* Relief from the Automatic Stay with regards to the Debtor's primary residence commonly known as 8-10 Sunshine Avenue, Greenwich, CT (the "Property") (the "Motion for *In Rem* Relief," ECF No. 19). On the same day, Eastern Savings Bank filed a motion to expedite a hearing on the Motion for *In Rem* Relief (ECF No. 20), which was granted on June 11, 2018.

A hearing on the Motion for *In Rem* Relief was held on June 12, 2018, at which counsel for the Debtor and counsel for Eastern Savings Bank appeared before the Court. The factual information contained in the Motion for *In Rem* Relief supports the relief requested in the Motion and is set forth below.

This Chapter 7 case is the fifth[1] bankruptcy filing by the Debtor affecting the Property. Prior to the filing of any of the five bankruptcy cases, on November 21, 2008, Eastern Savings Bank commenced a foreclosure action[2] in the Superior Court for the Judicial District of

---

[1] *See* Case Nos. 09-52628, 10-51747, 11-50350, 11-51395, and this case, 18-50667.

[2] The State Foreclosure Action is entitled *Eastern Savings Bank v. Muhammad J. Toor, et al.*, Superior Court, Judicial District of Stamford, Docket No. FST-CV-08-5009444.

Stamford, seeking to foreclose its interest in the Property (the "State Foreclosure Action"). Between November 2009 and August 2015, a flurry of activity took place in the State Foreclosure Action and the four bankruptcy cases. For example, on November 1, 2012, the Court entered an Order granting a motion filed by Eastern Savings Bank, seeking relief from the automatic stay as to the Property (ECF No. 82 of Case No. 11-51395). In the State Foreclosure Action, the State Court entered and modified a judgment of strict foreclosure[3], setting a law date of September 15, 2015.

On September 14, 2015, the Debtor's husband, Mr. Muhammad Toor, filed a petition for relief under Chapter 11 in the New Haven Division of this Court (Case No. 15-51292), which is the sixth bankruptcy filing affecting the Property. In his bankruptcy case, pursuant to 11 U.S.C. § 362(d)(4), Eastern Savings Bank sought and obtained an Order granting *in rem* relief from the automatic stay, providing that any future bankruptcy filing will not stay a particular creditor action with respect to the Property from June 13, 2016 to June 13, 2018 (the "*In Rem* Order," Ex. A of the Motion for *In Rem* Relief). Subsequently, Eastern Savings Bank moved to reopen the judgment of foreclosure in the State Court in order to obtain a new law date or a sale date.[4] In accordance with the request of the State Court, Eastern Savings Bank filed a motion with this Court to seek clarification on the effect of the *In Rem* Order in the State Foreclosure Action, which was granted over Mr. Toor's objection to the motion (the "Clarification Order," ECF No. 75 of Case No. 15-51292). Mr. Toor then filed an appeal of the Clarification Order with the

---

[3] *See* Ex. O, P, Q, R, S, and T of the Motion for *In Rem* Relief.

[4] The record is unclear whether Eastern Savings Bank moved to reopen a judgment of strict foreclosure or a judgment of foreclosure by sale, and it is not relevant to the issues before the Court.

United States District Court for the District of Connecticut, which affirmed the Clarification Order on May 1, 2017. *See* Ex. I of the Motion for *In Rem* Relief.

On August 22, 2017, the State Court entered a judgment of foreclosure by sale, setting a sale date of September 30, 2017. *See* Ex. J of the Motion for *In Rem* Relief. On December 6, 2017, the State Court entered an order approving, *inter alia*, a foreclosure sale of the Property (the "Sale Order," Ex. K of the Motion for *In Rem* Relief). The Toors then filed an appeal of the Sale Order with the Connecticut Appellate Court. On March 14, 2018, the Connecticut Appellate Court dismissed the appeal, finding that the Toors' appeal of the Sale Order was frivolous (the "Appellate Court Dismissal Order," Ex. M of the Motion for *In Rem* Relief). Undeterred, the Toors filed a petition for certification to appeal the Appellate Court Dismissal Order to the Connecticut Supreme Court, which was denied on April 25, 2018. *See* Ex. N of the Motion for *In Rem* Relief. On May 29, 2018, the Debtor filed the instant Chapter 7 case.

It is undisputed that the only interest that the Debtor has in the Property is a possessory interest. The existing *In Rem* Order is set to expire on June 13, 2018. During the June 12th hearing on the Motion for *In Rem* Relief, counsel for the Debtor agreed to the entry of this Order, and good cause has shown by Eastern Savings Bank to obtain the relief sought in the Motion for *In Rem* Relief.

After a review of: (i) the Debtor's conduct in and the record of the Debtor's prior bankruptcy cases and Mr. Toor's bankruptcy case; (ii) the Debtor's conduct in and record of the pending Connecticut Superior Court foreclosure action commenced against the Debtor in 2008, which record is contained in the Motion for *In Rem* Relief; and (iii) the arguments advanced in the pleadings and at the June 12th hearing held on the Motion for *In Rem* Relief, in accordance with 11 U.S.C. § 362(d)(4); it is hereby

**ORDERED**: The Motion for *In Rem* Relief is **GRANTED.** Eastern Savings Bank is granted *in rem* relief from the automatic stay as to the Property commonly known as 8-10 Sunshine Avenue, Greenwich, Connecticut, based upon the findings that Eastern Savings Bank's claim is secured by an interest in the Property, and that pursuant to § 362(d)(4), the filing of the Debtor's pending Chapter 7 case was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property; and it is further

**ORDERED**: In accordance with § 362(d)(4), if this Order is recorded in compliance with applicable State law governing notices of interest or liens in real property, this Order shall be binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of this Order, except that the Debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after a notice and hearing. *See* § 102(1). Any federal, state or local governmental unit that accepts notice of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

**ORDERED**: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

**IT IS SO ORDERED** at Bridgeport, Connecticut this 14th day of June, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut